United States District Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE L. HONDROS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-21-1982 |
| HEWLETT PACKARD ENTERPRISE, CENTERPOINT ENERGY CORP., UNITED LAUNCH ALLIANCE, LLC, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In June 2021, Michele L. Hondros, representing herself, sued Hewlett Packard Enterprise, CenterPoint Energy Corporation, and United Launch Alliance ("ULA"). ULA has moved to dismiss. (Docket Entry No. 6). For the reasons explained below, the motion to dismiss is granted. Because amendment would be futile, the dismissal is with prejudice and without leave to amend. Final judgment is separately entered.

**I.     The Legal Standard for a Motion to Dismiss**

Under Rule 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Rankin v. Wichita Falls*, 762 F.2d 444, 446 (5th Cir. 1985). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). As the United States Supreme Court has emphasized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a motion to dismiss. *Id.*; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct . . . [the complaint] has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**II.     Analysis**

Hondros's claims are hard to follow. She:

seeks relief for damages which include but are not limited to damages sustained as the result of Warrantless Surveillance; Harassment; Harassment On the Internet; Fraudulent Concealment by Use of the Internet; Gross and repeated instances of Invasion of Privacy; Theft of Property; Vandalism; Damage to Real Property; Damage to Personal Computers; Damage to Electronic Devices; Destruction of Closed Circuit Security Cameras; Hacking into closed circuit security camera system; Manipulating and/or altering personal property and real property; Interfering with radio transmissions; Placing surveillance cameras and listening devices inside Plaintiff's residence and on her real property; and Placing surveillance equipment and other devices on utility poles on and around Plaintiff's Real Property; Projecting frightening images onto Plaintiff's real property.

. . .

Based on information, Plaintiff has been unlawfully surveilled beginning as early as 2003, however Plaintiff was unaware of said surveillance at the time. Then, in March of 2009 Plaintiff was "spammed" or a "spearfishing" incident took place. Still Plaintiff did not suspect she was targeted for any such activity because, as does the general population, Plaintiff is unaware of any actions(s) she has or may have taken which could provoke any entity to surveil her, and certainly at no time would harassing or terrorizing Plaintiff, or stealing her personal property be lawful.

Plaintiff alleges the retaliatory acts for which she makes complaint stem from

> emails and/or blog postings she created which include joking about Jeff Skilling and what is now known as The Enron Debacle; Joked about Terrorism Alert Levels; Made comments about the Financial Crisis of 2008; Expressed disdain about the insurance industry; Maintained contact with expat friends while they were abroad; Sought to recover damages related to two incidents whereupon Plaintiff was defrauded; and Toyed with the idea of writing a memoir.

(*See* Docket Entry No. 1 at 5–6).

Hondros alleges that she believes that ULA—a spacecraft launch service provider— has "surveilled her." (*Id.* at 12). She alleges a 2009 "data breach," but she does not connect it to ULA. (*Id.* at 10).

Hondros also sues Hewlett Packard and CenterPoint Energy. She appears to allege that Hewlett Packard billed her inaccurately and interfered with her equipment after providing technical support for an HP printer that she owned, and that CenterPoint Energy used its utility poles near her residence to interfere with her telecommunications and to cause power surges and outages. (*Id.* at 9).

In cases involving multiple defendants, Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure require plaintiffs to distinguish the actions of one defendant from others. *Anderson v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) ("[D]efendants in all lawsuits must be given notice of the specific claims against them." (citing FED. R. CIV. P. 8(a)(2))). Hondros's complaint fails to allege facts showing the relationship among the defendants or their relationship to her. Instead, she makes group allegations that are hard to decipher much less separate. Here is an example:

> Plaintiff asserts that Defendants named herein, and those who may still be named, were emboldened by an overt presumption the unlawful acts they had committed, and have continued to commit, would be carried out with impunity by virtue of Defendant's unique *ability* to conceal their identities and actions.

(*See* Docket Entry No. 1 at 7.). She alleges her causes of action generally against all defendants:

3

> Plaintiff's complaint is filed to seek relief from ongoing harassment and the reckless, malicious acts which have been committed intentionally, willfully and knowingly with wanton disregard for human life, all of which equate to the legal tort known as Intentional Infliction of Emotional Distress; To Recover actual damages; Recover for pain and suffering, emotional distress sustained by Plaintiff; and Punitive Damages sustained by Plaintiff as the direct and proximate cause of threats, fraud; fraudulent concealment; fraudulent concealment by use of the internet; obstruction of justice; conspiracy to commit fraud; and conspiracy to deprive Plaintiff of her constitutionally protected rights which include, but are not limited to gross violations of Plaintiff's First, Fourth and Fifth Amendments to the United States Constitution, as well as 18 U.S.C. § 241 – Conspiracy Against Rights.

(*Id.* at 10–11). The complaint does not plead what acts are alleged against ULA, and what acts are alleged as to CenterPoint or Hewlett Packard. *Stokes v. OneWest Bank, F.S.B.*, No. 4:14-cv-247-A, 2014 WL 5473193, at *3 (N.D. Tex. Oct. 28, 2014) (dismissing a complaint when the plaintiff failed to separate the acts each defendant allegedly committed).

This is not the only major deficiency in Hondros's complaint. In a single paragraph, Hondros alleges violations of her First, Fourth, and Fifth Amendment rights:

> Plaintiff alleges Defendant ULA has likely unlawfully surveilled her for well over a decade, and repeatedly, and continuously committed acts which have generated retaliatory acts when Plaintiff expressed herself pursuant to the First Amendment to the Constitution while using the internet; and violated her Fourth and Fifth Amendment rights pursuant to the Constitution of the United States; and have conspired to interfere with Plaintiff's right to live freely and unencumbered in these United States.

(*See* Docket Entry No. 1 at 12.). The complaint fails to allege facts supporting Hondros's belief that ULA "surveilled" her for over a decade and retaliated against her (unspecified) First Amendment protected speech. (*Id*. at 6). Given that ULA is in the rocket launch business, the facts do not meet the plausibility test.

Hondros's claims fail on a number of other grounds. First, ULA is a private entity, not a state actor. There are no allegations of state action as needed to plead a constitutional violation, in the absence of a contract or a special relationship. *See Correctional Servs. Corp. v. Malesko*,

4

534 U.S. 61, 71 (2001) (refusing to extend the Court's prior *Bivens* holding, which recognized a private action for damages against federal officers alleged to have violated a citizen's constitutional rights, and finding that "inferring a constitutional tort remedy against a private entity like [the defendant] is therefore foreclosed"); 2 RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW-SUBSTANCE AND PROCEDURE § 16.1(a) (2021) ("Most of the protections for individual rights and liberties contained in the Constitution and its amendments apply only to the actions of governmental entities."). The constitutional claims fail.

Hondros's claim for intentional infliction of emotional distress fails under Texas state law. *See also McManaway v. KBR, Inc.*, No. 4:10–cv–1044, 2015 WL 13310061, at *7 (S.D. Tex. Aug. 9, 2015) ("[I]nsofar as federal courts have ever recognized a federal common law claim of IIED, they have joined Texas . . . in following the *Restatement (Second) of Torts* § 46."). To recover for intentional infliction of emotional distress in Texas, a plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann–LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). The claim requires facts showing that a "defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id*. at 447. Liability for this cause of action "shall be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citation and internal quotations omitted).

Hondros's complaint falls far short of this standard. She alleges that:

- Individuals potentially affiliated with ULA conducted a "debriefing" of Plaintiff. (*See* Docket Entry No. 1 at 7).

- Defendants, including ULA, failed to advise Plaintiff of a data breach that resulted in spam emails. (*See id*. at 8–10).

- ULA "is apparently a contractor for numerous agencies, possessing vast resources, and the ability to crush virtually any individual." (*See id*. at 10).

- "ULA *likely* unlawfully surveilled her for well over a decade." (*Id*. at 12) (emphasis added).

These conclusory and vague allegations do not assert a claim of intentional emotional distress. *See e.g.*, *Grost v. United States,* No. EP-13-CV-158-KC, 2014 WL 1783947, at *12 (W.D. Tex. May 5, 2014) (holding that the court "cannot simply accept [the plaintiff's] conclusion that the [defendants'] behavior . . . was sufficiently extreme and outrageous," particularly when the plaintiff "alleges only in the vaguest terms" the grounds for relief, and dismissing the plaintiff's intentional infliction of emotional distress claim in its entirety).

Hondros's argument that "ULA knew, or should have known Plaintiff was in danger, but failed to warn her, and failed to make recompense or take remedial measures to end what it and/or others put into motion," (Docket Entry No. 1 at 12), at best argues that ULA negligently caused her emotional distress. That claim lacks merit under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) ("[T]here is no general duty in Texas not to negligently inflict emotional distress. A claimant may recover mental anguish damages only in connection with defendant's breach of some other legal duty"). Hondros fails to state a claim for intentional infliction of emotional distress against ULA, or any other defendant.

Hondros also alleges retaliation. Hondros does not support any federal-law or state-law retaliation claim with any plausible facts. And because ULA is not alleged to be a state actor in a relationship to Hondros that could give rise to liability, Hondros fails to allege a First Amendment

6

claim. Hondros also admits that she is not an employee of Hewlett Packard, CenterPoint, or ULA, which forecloses any claim of retaliation available under federal or state employment law. (*See* Docket Entry No. 1 at 7).

Hondros's fraud allegations are also conclusory and implausible. Rule 9(b) requires complaints asserting fraud to plead the facts with sufficient particularity to "provide defendants adequate notice of the nature and grounds of the claim." *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 652 (S.D. Tex. 2009) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)). Hondros alleges no facts that could support a fraud claim against ULA. *See, e.g.*, *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) ("To establish fraud, a plaintiff must show that: (1) the defendant made a false, material representation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff justifiably relied on the representation, which caused the plaintiff injury." (citations and internal quotations omitted)).

Hondros also has claimed "obstruction of justice" under her "causes of action." (Docket Entry No. 1 at 10–11). Hondros has not alleged any facts supporting a claim that ULA has influenced, impeded, or intimidated a juror or an officer of the court or otherwise obstructed justice. *See* 18 U.S.C. § 1503.

Hondros's complaint also alleges a "Conspiracy Against Rights" under 18 U.S.C. § 241. The complaint states:

> While Plaintiff has not named any individual's names, Plaintiff alleges corporate officers, employees, agents, representatives, contractors, successors, heirs and/or assigns of HP, ULA, CENTERPOINT, and/or others have knowingly and willfully engaged in a conspiracy against Plaintiff's rights pursuant to 18 U.S.C. § 241—Conspiracy Against Rights.

(Docket Entry No. 1 at 11–12). Section 241 "does not provide a basis for civil liability." *Gill v. State of Tex.*, 153 Fed. Appx. 261, 262 (5th Cir. 2005) (per curiam) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished)). To the extent Hondros attempts to allege civil conspiracy under Texas law, she has failed to do so. She has failed to allege an underlying basis for conspiracy. And she has failed to allege any plausible basis for any agreement between ULA and any other defendant. The conspiracy claim is dismissed.

Hondros also alleges negligence, but with no underlying facts that could support liability. (Docket Entry No. 1 at 13). The elements of negligence are: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach was a proximate cause of the plaintiff's injuries. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The complaint alleges no basis to find a duty owed by ULA to Hondros, how ULA breached that duty, or that any alleged breach proximately caused any alleged injuries. Hondros's complaint fails to make even the "[t]hreadbare recitals of a [negligence claim's] elements." *Iqbal*, 556 U.S. at 663; *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

Finally, all the claims are time barred. Hondros allegations concern a data breach in March 2009. All her claims expired at most four years after the alleged breach. She alleges no basis to toll limitations.

### III.   Conclusion

All of Hondros's claims are dismissed, and ULA's motion to dismiss, (Docket Entry No. 6), is granted. Because amendment would be futile, the dismissal is with prejudice and without leave to amend. Because the same deficiencies apply to the other defendants, and because they

have not been served, the entire complaint is dismissed.  A final judgment is separately entered.

SIGNED on November 2, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge